UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HEATHER MORGAN,**

    **Plaintiff,**

v.                                                                                    Case No.:

**UNITED NATURAL FOODS, INC.,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, HEATHER MORGAN, by and through her undersigned attorneys, hereby sues the Defendant, UNITED NATURAL FOODS, INC., hereinafter "UNITED" or "Defendant" and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Title VII, 42 U.S.C. § 2000, *et seq*. and 28 U.S.C. § 1331.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

### ADMINISTRATIVE PREREQUISITES

3. All conditions precedent to bringing this action have occurred.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations   A copy of the charge is attached as **Exhibit "A"**.

5. More than 180 days have passed since the filing of this charge.

6. Plaintiff then received a Notice of Right To Sue on or about April 16, 2019 from the EEOC. A Copy of the Right to Sue letter is attached as **Exhibit "B"**.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## PARTIES

8. Defendant, UNITED NATURAL FOODS, INC., is a Foreign Profit Corporation, authorized and doing business in this Judicial District.

9. Plaintiff, HEATHER MORGAN, resides in Lake City, Columbia County, Florida.

## FACTUAL ALLEGATIONS

10. On or about January 29, 2018, Plaintiff began her employment with United Natural Foods, Inc. From the beginning of her employment, she was subject to a hostile work environment by my male co-workers.

11. Some examples of the inappropriate conduct include:

   a) A co-worker approached Plaintiff from behind as she was loading her truck and stated "you wanna screw?" Plaintiff turned to see him holding a large screw to her back and him laughing;

   b) That same co-worker would brag to Plaintiff that he had a previous sexual harassment claim that he got away with;

   c) Another co-worker made comments to Plaintiff such as "that sure is a nice ass, you sure do make truck driving look sexy";

   d) On another occasion, a co-worker told Plaintiff "if you ever decide to go straight again, I have a hard dick waiting for you".

12. On or about May 24, 2018, Plaintiff received a glowing performance review and was told that she was meeting all the expectations that were set for her.

13. On or about August 2, 2018, Plaintiff sent a message to a co-worker telling him that she was no longer willing to put up with the sex discrimination and harassment.

14. On August 9, 2018, Plaintiff spoke with Human Resources and informed them of the ongoing harassment and discrimination. Before informing Human Resources, Plaintiff was told by her dispatcher that she needed to just get along with the men. After Plaintiff spoke with Human Resources, she was advised by another dispatcher that she needed to be quiet and just fly under the radar.

15. Shortly thereafter, on or about September 2, 2018, Plaintiff was given a written warning for things that had happened months earlier. Plaintiff's hours were also substantially reduced. Plaintiff's male co-workers stopped speaking to her and many would not even come in the yard while Plaintiff was there. Defendant also made up deficiencies in an effort to justify further disciplinary action or termination.

16. On or about October 19, 2018, Plaintiff was constructively discharged from her employment with Defendant.

## COUNT I
## FLORIDA CIVIL RIGHTS ACT - SEXUAL HARASSMENT

17. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

18. Plaintiff is a member of a protected class.

19. The aforementioned actions by Plaintiff's male co-workers constitute unwelcome

sexual harassment.

20. The harassment by Plaintiff's male co-workers was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

21. Plaintiff suffered an adverse employment action as a result of her opposition to the advances of her male co-workers beginning with a written warning and reduction of her work hours and culminating with her constructive discharge in October 2018.

22. Defendant knew or should have known of the harassment of Plaintiff.

23. The aforementioned actions created a hostile environment and constitutes discrimination on the basis of sex, in violation of the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

24. The sexual harassment and conduct of Plaintiff's male co-workers created a hostile work environment which interfered with Plaintiff's ability to perform her job.

25. The Defendant's actions were intentional and encouraged an environment where degradation based on sex was common and tolerated.

26. As a result of Defendant's unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has also suffered lost wages and benefits and lost employment opportunities.

WHEREFORE, Plaintiff, HEATHER MORGAN, demands a trial by jury and judgment against Defendant, UNITED NATURAL FOODS, INC., for:

a. Back pay and benefits;

b. Interest in back pay and benefits;

    c.      Front pay and future benefits;

    d.      Loss of future earning capacity;

    e.      Emotional pain;

    f.      Suffering;

    g.      Attorneys' fees and costs;

    h.      Punitive damages;

    i.      Inconvenience; and

    j.      For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

27.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

28.    Plaintiff engaged in protected activity by opposing an employment practice made unlawful by the Florida Civil Rights Act and timely filing a Charge of Discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission.

29.    In retaliation for engaging in protected activity, Plaintiff suffered an adverse employment action beginning with a written warning and reduction of her work hours and culminating with her constructive discharge in October 2018.

30.    The aforementioned actions by Defendant constitute retaliation by Defendant in violation of Chapter 760, *Florida Statutes*.

31.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages for pecuniary losses, mental anguish, loss of enjoyment of life, and

other non-pecuniary losses.  Plaintiff has also suffered lost wages and benefits and lost employment opportunities.

WHEREFORE, Plaintiff, HEATHER MORGAN, demands a trial by jury and judgment against Defendant, UNITED NATURAL FOODS, INC., for:

a. Back pay and benefits;

b. Interest in back pay and benefits;

c. Front pay and future benefits;

d. Loss of future earning capacity;

e. Emotional pain;

f. Suffering;

g. Attorneys' fees and costs;

h. Punitive damages;

i. Inconvenience; and

j. For any other relief this Court deems just and equitable.

## COUNT III
## TITLE VII – SEXUAL HARASSMENT

32. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

33. Plaintiff is a member of a protected class.

34. The aforementioned actions by Plaintiff's male co-workers constitutes unwelcome sexual harassment.

35. The harassment by Plaintiff's male co-workers was sufficiently severe and/or

pervasive to alter the terms and conditions of Plaintiff's employment.

36. Plaintiff suffered an adverse employment action as a result of her opposition to the advances of her male co-workers beginning with a written warning and reduction of her work hours and culminating with her constructive discharge in October 2018.

37. The Defendant knew of or should have known of the harassment to Plaintiff.

38. The aforementioned actions constitute discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act.

39. The Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

40. As a result of Defendant's unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, HEATHER MORGAN, prays for the following damages against Defendant, UNITED NATURAL FOODS, INC.:

    a. Back pay and benefits;

    b. Interest;

    c. Front pay and benefits;

    d. Compensatory damages;

    e. Pecuniary and non-pecuniary losses;

    f. Costs and attorneys' fees;

    g. Punitive damages; and

    h. For any other relief this Court deems just and equitable.

## COUNT IV
## **TITLE VII - RETALIATION**

41. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

42. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII and timely filing a Charge of Discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission.

43. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII beginning with a written warning and reduction of her work hours and culminating with her constructive discharge in October 2018.

44. The above described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 *et seq*.

45. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, HEATHER MORGAN, prays for the following damages against Defendant, UNITED NATURAL FOODS, INC.:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

    e.    Pecuniary and non-pecuniary losses;

    f.    Costs and attorneys' fees;

  g. Punitive damages; and

  h. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

46. Plaintiff requests a jury trial on all issues so triable, with respect to the terms and conditions of her employment.

Dated this 9th day of May, 2019.

       **FLORIN GRAY BOUZAS OWENS, LLC**

       */s/ Wolfgang M. Florin*
       **WOLFGANG M. FLORIN, ESQUIRE**
       Florida Bar No.: 907804
       Primary: wolfgang@fgbolaw.com
       Secondary: gina@fgbolaw.com
       **MIGUEL BOUZAS, ESQUIRE**
       Florida Bar No.: 48943
       Miguel@fgbolaw.com
       16524 Pointe Village Drive, Suite 100
       Lutz, FL 33558
       Telephone (727) 254-5255
       Facsimile (727) 483-7942

       *Trial Attorneys for Plaintiff*