UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEATHER MORGAN,

       Plaintiff,

v.                                  CASE NO.  8:19-CV-01112-SCB-CPT

UNITED NATURAL FOODS, INC.,

       Defendant.

## DEFENDANT'S ANSWER AND STATEMENT OF DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant United Natural Foods, Inc. ("UNFI" or "Defendant"), by and through its undersigned attorneys, files its Answer and Statement of Defenses in response to Heather Morgan's complaint filed May 9, 2019 ("Complaint"), and states as follows:

### ANSWER TO PLAINTIFF'S INTRODUCTORY STATEMENT

In response to the unnumbered introductory sentence of the Complaint, to the extent that a response is required to the statements therein, Defendant admits that Heather Morgan ("Plaintiff") filed a lawsuit against Defendant. Further answering, Defendant denies that it engaged in any conduct that would subject it to liability or which would entitle Plaintiff to damages.

### JURISDICTION AND VENUE

1.      Paragraph 1 contains a statement regarding Plaintiff's invocation of the jurisdiction of this Court to which no response is required. Further answering, Defendant does not deny that this Court has jurisdiction over this matter.

2.      In response to Paragraph 2 of the Complaint, Defendant responds that the allegations therein call for a legal conclusion to which no response is required. Further answering, Defendant does not deny that venue is proper in this Court.

## ADMINISTRATIVE PREREQUISITES

3.      In response to Paragraph 3 of the Complaint, Defendant responds that the allegations therein call for a legal conclusion to which no response is required.

4.      In response to Paragraph 4 of the Complaint, Defendant responds that the allegations therein call for a legal conclusion to which no response is required. Further answering, Defendant states that to the extent that Plaintiff refers to a document in Paragraph 4, any document speaks for itself.

5.      Defendant admits the allegations in Paragraph 5 of the Complaint.

6.      In response to Paragraph 6 of the Complaint, Defendant responds that to the extent that Plaintiff refers to a document, any document speaks for itself. Defendant lacks sufficient information or knowledge to form a belief as to the date Plaintiff received any Notice of Right to Sue.

7.      In response to Paragraph 7 of the Complaint, Defendant responds that the allegations therein call for legal conclusions to which no response is required.

## PARTIES

8.      In response to Paragraph 8 of the Complaint, Defendant admits that it is a Foreign Profit Corporation that does business in counties that fall within the Middle District of Florida, Tampa Division.

9.      In response to Paragraph 9 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to Plaintiff's current residence.

## FACTUAL ALLEGATIONS

10.     Defendant admits that Plaintiff began her employment with Defendant on or about January 29, 2018. Further answering, Defendant responds that Plaintiff's allegations regarding "hostile work environment" call for a legal conclusion to which no response is required. Defendant lacks sufficient information or knowledge to form a belief as to the environment Plaintiff claims to have experienced "[f]rom the beginning of her employment."

11.     In response to Paragraph 11 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to Plaintiff's specific allegations. Further answering, Defendant states that to the extent Plaintiff brought any specific complaint to Defendant's attention, Defendant promptly and appropriately investigated the complaint and took the appropriate actions.

12.     In response to Paragraph 12 of the Complaint, Defendant responds that to the extent that Plaintiff refers to a document, the document speaks for itself. Further answering, Defendant states that Defendant reviewed Plaintiff's performance after she had been with the Company for 90 days and Plaintiff was meeting expectations.

13.     In response to Paragraph 13 of the Complaint, Defendant responds that to the extent that Plaintiff refers to an electronic document, the electronic document speaks for itself.

14.     In response to Paragraph 14 of the Complaint, Defendant admits that Plaintiff spoke with Human Resources on or about August 9, 2018 regarding incidents Plaintiff

alleged had occurred in the workplace. Defendant lacks sufficient information or knowledge to form a belief as to Plaintiff's alleged discussions with unnamed dispatchers.

15.     In response to Paragraph 15 of the Complaint, Defendant responds that to the extent that Plaintiff refers to a document, the document speaks for itself. Further answering, Defendant states that Plaintiff's hours, along with the hours of several similarly situated individuals, were decreased in September 2018. Defendant lacks sufficient information or knowledge to form a belief as to Plaintiff's allegations regarding unnamed "male co-workers." Defendant denies the remaining allegations of Paragraph 15.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

**COUNT I**
**FLORIDA CIVIL RIGHTS ACT – ALLEGED SEXUAL HARASSMENT**

17.     In response to Paragraph 17 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-16 as if fully restated herein.

18.     In response to Paragraph 18 of the Complaint, Defendant responds that the allegations therein call for a legal conclusion to which no response is required.

19.     In response to Paragraph 19 of the Complaint, Defendant responds that the allegations therein call for a legal conclusion to which no response is required. Further answering, Defendant lacks sufficient information or knowledge to form a belief as to Plaintiff's specific allegations. Defendant denies that it engaged in any conduct with respect to Plaintiff that would subject it to liability or that would entitle Plaintiff to any remedy or relief of any kind from Defendant.

20.     In response to Paragraph 20 of the Complaint, Defendant responds that the allegations therein call for legal conclusions to which no response is required. Further

answering, although Defendant lacks sufficient information or knowledge to form a belief as to Plaintiff's specific allegations, based upon information and belief, following the investigation it conducted, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     In response to Paragraph 23 of the Complaint, Defendant responds that the allegations therein call for legal conclusions to which no response is required. Further answering, although Defendant lacks sufficient information or knowledge to form a belief as to Plaintiff's specific allegations, based upon information and belief, following the investigation it conducted, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     In response to Paragraph 24 of the Complaint, Defendant responds that although it lacks sufficient information or knowledge to form a belief as to Plaintiff's specific allegations, based upon information and belief, following the investigation it conducted, Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

To the extent that any response is required to the statements in the unnumbered "WHEREFORE" paragraph following Paragraph 26, Defendant denies that Plaintiff is entitled to the relief requested.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT – ALLEGED RETALIATION

27.     In response to Paragraph 27 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-16 as if fully restated herein.

28.     In response to Paragraph 28 of the Complaint, Defendant responds that the allegations therein call for legal conclusions to which no response is required. Further answering, Defendant denies that it engaged in any conduct with respect to Plaintiff that would subject it to liability or that would entitle Plaintiff to any remedy or relief of any kind from Defendant.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     In response to Paragraph 30 of the Complaint, Defendant responds that the allegations therein call for a legal conclusion to which no response is required. Further answering, Defendant denies that it retaliated against Plaintiff.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

To the extent that any response is required to the statements in the unnumbered "WHEREFORE" paragraph following Paragraph 31, Defendant denies that Plaintiff is entitled to the relief requested.

## COUNT III
## TITLE VII – ALLEGED SEXUAL HARASSMENT

32.     In response to Paragraph 32 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-16 as if fully restated herein.

33.     In response to Paragraph 33 of the Complaint, Defendant responds that the allegation therein calls for a legal conclusion to which no response is required.

34.     In response to Paragraph 34 of the Complaint, Defendant responds that the allegations therein call for a legal conclusion to which no response is required. Further answering, Defendant lacks sufficient information or knowledge to form a belief as to Plaintiff's specific allegations. Defendant denies that it engaged in any conduct with respect to Plaintiff that would subject it to liability or that would entitle Plaintiff to any remedy or relief of any kind from Defendant.

35.     In response to Paragraph 35 of the Complaint, Defendant responds that the allegations therein call for legal conclusions to which no response is required. Further answering, although Defendant lacks sufficient information or knowledge to form a belief as to Plaintiff's specific allegations, based upon information and belief, following the investigation it conducted, Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     In response to Paragraph 38 of the Complaint, Defendant responds that the allegations therein call for legal conclusions to which no response is required. Further answering, although Defendant lacks sufficient information or knowledge to form a belief as to Plaintiff's specific allegations, based upon information and belief, following the investigation it conducted, Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

To the extent that any response is required to the statements in the unnumbered "WHEREFORE" paragraph following Paragraph 40, Defendant denies that Plaintiff is entitled to the relief requested.

## COUNT IV
## TITLE VII – ALLEGED RETALIATION

41.     In response to Paragraph 41 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-16 as if fully restated herein.

42.     In response to Paragraph 42 of the Complaint, Defendant responds that the allegations therein call for legal conclusions to which no response is required. Further answering, Defendant denies that it engaged in any conduct with respect to Plaintiff that would subject it to liability or that would entitle Plaintiff to any remedy or relief of any kind from Defendant.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     In response to Paragraph 44 of the Complaint, Defendant responds that the allegations therein call for a legal conclusion to which no response is required. Further answering, Defendant denies that it retaliated against Plaintiff.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

To the extent that any response is required to the statements in the unnumbered "WHEREFORE" paragraph following Paragraph 45, Defendant denies that Plaintiff is entitled to the relief requested.

## DEMAND FOR JURY TRIAL

To the extent that a response is required to the statement in Paragraph 46, Defendant admits Plaintiff "requests a jury trial on all issues so triable." Whether and to what extent

Plaintiff is entitled to a jury trial are legal conclusions to which no response is required.

## GENERAL DENIAL

Defendant specifically denies each and every allegation of Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

As separate defenses, and without conceding Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges as follows:

1.     Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

3.     Plaintiff's claims are barred because any actions undertaken with regard to Plaintiff were taken in good faith and were based on lawful and legitimate non-discriminatory, non-harassing, and non-retaliatory business reasons.

4.     Plaintiff's claims and/or any claims for damages are barred on the grounds that even if any decision concerning Plaintiff was based, in part, on grounds of unlawful discrimination, harassment or retaliation, which Defendant denies, Defendant would have reached the same decision based on other legitimate, non-discriminatory, non-retaliatory reasons.

5.     Plaintiff's claims and/or any claims for damages are barred because Defendant exercised reasonable care to prevent and correct promptly any alleged harassing, discriminatory and/or retaliatory behavior and Plaintiff unreasonably failed to take advantage

of Defendant's preventative or corrective opportunities to otherwise avoid harm.

6.      Plaintiff's claims and/or any claims for damages are barred because Defendant exercised reasonable care to prevent and correct promptly any alleged harassing, discriminatory and/or retaliatory behavior and Plaintiff unreasonably failed to share full information with Defendant regarding her allegations.

7.      Plaintiff's claims and and/or claims for damages are barred because Defendant took prompt, remedial action with regard to any alleged harassment, discrimination and/or retaliation properly reported by Plaintiff.

8.      Plaintiff's claims are barred and/or limited by the doctrines of waiver, estoppel and after-acquired evidence to the extent discovery shows she engaged in misconduct prior to, during, after, or in connection with her employment, that otherwise would have resulted in her discharge, if such conduct was then known to Defendant.

9.      Plaintiff's claims for damages are barred, in whole or in part, to the extent that she failed to reasonably mitigate her damages.

10.      Defendant has made good faith efforts to prevent discrimination, harassment and/or retaliation in its workplace and cannot be liable for the decisions of its agents, to the extent that the challenged employment decisions were contrary to Defendant's efforts to comply with the law.

11.      Defendant has made good faith efforts to prevent discrimination, harassment and/or retaliation in its workplace and cannot be liable for punitive damages, to the extent that the challenged employment decisions were contrary to Defendant's efforts to comply with the law.

12.     Plaintiff's harassment claims fail because the alleged conduct was not sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

13.     Plaintiff's constructive discharge claim fails because no reasonable person in Plaintiff's position would have been compelled to resign.

14.     Plaintiff's constructive discharge claim fails because she resigned before she provided Defendant a chance to rectify the alleged problems.

15.     Plaintiff's claims for punitive damages under the Florida Civil Rights Act and/or Title VII are barred because Defendant acted at all times in good faith with regard to Plaintiff's employment and at no time acted with malice or with reckless indifference to Plaintiff's rights.

16.     Plaintiff's claims for punitive damages under the Florida Civil Rights Act are barred because Defendant acted at all times in good faith with regard to Plaintiff's employment and at no time engaged in willful, malicious, or wanton conduct with respect to Plaintiff.

17.     Plaintiff's alleged injuries and/or damages if any, were caused by Plaintiff's own actions, omissions, or conduct.

18.     Defendant denies an employee under its supervision acted in any manner that would constitute a violation of Plaintiff's rights. If any employee of Defendant violated Plaintiff's rights, such violation was committed outside either the scope or course of her/her employment and without Defendant's consent, knowledge or ratification.

19.     Plaintiff's retaliation claims fail because, even if any decision concerning Plaintiff's employment was based in part on her participation in protected activity, which

Defendant denies, Defendant would have reached the same decision with regard to Plaintiff's employment even in the absence of such activity.

20.     Plaintiff's retaliation claims fail because there is no causal connection between Plaintiff's engaging in protected activity and any adverse employment action that she may have suffered.

21.     Plaintiff's retaliation claims are barred because to the extent Plaintiff engaged in protected activity, any protected activity was not the "but for" cause of any adverse employment decision.

22.     Plaintiff's claims fail because she did not suffer an adverse employment action.

23.     Plaintiff's claims fail because she resigned her position with Defendant.

## **RESERVATION**

Defendant reserves the right to move this Court to amend the foregoing defenses and/or add defenses based on information obtained during discovery.

WHEREFORE, Defendant requests:

1.     That judgment be entered in favor of Defendant and against Plaintiff;

2.     That the Complaint be dismissed with prejudice;

3.     That Defendant be awarded its costs; and

4.     That Defendant be granted such other and further relief as this Court may deem just and proper.

Dated: July 3, 2019.

Respectfully submitted,

LITTLER MENDELSON, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, Florida 32801
Telephone: (407) 393-2900
Facsimile: (407) 393-2929

By:     */s/ Theresa M. Waugh*
        Jeffrey B. Jones
        Florida Bar No.: 039950
        Email: jbjones@littler.com

        Theresa M. Waugh
        Florida Bar No. 089593
        Email: twaugh@littler.com

        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of July, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy via email to the following: Wolfgang M. Florin and Miguel Bouzas, Florin Gray Bouzas Owens, LLC, 16524 Pointe Village Dr., Suite 100, Lutz, FL 33558, wolfgang@fgbolaw.com; miguel@fgbolaw.com.

                */s/ Theresa M. Waugh*
                Theresa M. Waugh